IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

FARMERS AND MERCHANTS BANK                                          PLAINTIFF

V.                                                  NO: 1:24-CV-00145-GHD-DAS

D & G INVESTMENTS MS, LLC;
DEBORAH'S LLC; et al.                                              DEFENDANTS

<u>MEMORANDUM OPINION</u>

Presently before the Court is the Defendant Deborah's LLC's ("Deborah's") Motion to Transfer this Matter to Bankruptcy Court [12]. Also pending is the Plaintiff's Motion to Withdraw Reference [6], Motion to Remand and Abstain [9], and the Defendant Deborah's Motion to Strike [27]. Upon due consideration, the Court finds that the Defendant Deborah's Motion to Transfer should be granted, and the remaining motions should be denied. This matter shall be transferred to the United States Bankruptcy Court for the Northern District of Mississippi.

**Factual Background**

On April 25, 2024, the Plaintiff filed a complaint for judicial foreclosure in the Chancery Court of Prentiss County against all of the Defendants in this matter, seeking foreclosure upon certain real properties located within the City of Booneville, Mississippi [2]. On July 30, 2024, Defendant Deborah's filed a Chapter 11 voluntary bankruptcy petition in the U.S. Bankruptcy Court for the Northern District of Mississippi where it remains pending under case number 24-12236-JDW [5-56]. One day later, on July 31, 2024, Defendant Deborah's filed a Notice of Removal in this judicial foreclosure action, removing the matter to this Court pursuant to 28 U.S.C. § 1334 and § 1452(a), and specifically stating that it would seek transfer of this matter to the Bankruptcy Court [1].

The parties have now filed several competing motions: Deborah's has filed a Motion to Transfer this Matter to Bankruptcy Court [12]. Also pending is the Plaintiff's Motion to Withdraw Reference [6] and Motion to Remand and Abstain [9], and the Defendant Deborah's Motion to Strike [27].

### Standard

Federal district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. 1334(b); see also *Matter of Highland Capital Management, L.P.*, No. 22-10983, 2023 WL 4842320, at \*2 (5th Cir. July 28, 2023). District courts are permitted to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy courts. 28 U.S.C. § 157(a). Indeed, pursuant to 28 U.S.C. § 157(a), the United States District Courts for the Northern and Southern Districts of Mississippi have implemented a Uniform Local Rule referring all cases and proceedings arising under or arising in or related to a case under Title 11 to this District's Bankruptcy Court. *See* Uniform Local Rule 83.6.

In assessing jurisdiction, there is no need "to distinguish between proceedings 'arising under', 'arising in a case under', or 'related to a case under', title 11" because "[t]hese references operate conjunctively." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987). "Therefore, it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." *Id.* "[The Fifth Circuit has] read this jurisdictional grant broadly, stating that the test for whether a proceeding properly invokes federal 'related to' jurisdiction is whether the outcome of the proceeding could *conceivably* affect the estate being administered in bankruptcy." *In re KSRP, Ltd.*, 809 F.3d 263, 266 (5th Cir. 2015) (emphasis added); *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007); see also *Thomas v. R.J. Reynolds Tobacco Co.*, 259 B.R. 571, 575 (S.D. Miss. 2001)

2

("Generally, a proceeding is related to a bankruptcy case if the proceeding could have been commenced in federal or state court independently of the bankruptcy case, and the outcome of that proceeding possibly could have an impact on the estate being administered in bankruptcy.") "Certainty is unnecessary; an action is 'related to' bankruptcy if the outcome *could* alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate." *Id.* (emph. added).

### Analysis and Discussion

The threshold issue raised by the Defendant Deborah's Motion to Transfer is whether the bankruptcy court has jurisdiction within the meaning of the foregoing statutes, *i.e.*, if this proceeding could *conceivably* affect the estate being administered in bankruptcy. Here, it is clear the outcome of this proceeding could affect the subject bankruptcy estate – the Defendant Deborah's seeks in the bankruptcy case to dispose of assets, including property that is the subject of this action, free and clear of the Plaintiff's liens [16-1]. Clearly the allocation and disposition of any such sale proceeds will be litigated as part of the bankruptcy estate. This will have an impact on the estate, given that the Plaintiff seeks an order in this case authorizing the foreclosure and judicial sale of property that is included in the Defendant Deborah's pending bankruptcy estate.

Accordingly, the Court concludes that this case is necessarily tied to Deborah's pending Title 11 bankruptcy action, giving the bankruptcy court subject matter jurisdiction over the case.

This finding does not conclude the Court's analysis, however, because the Plaintiff also argues mandatory abstention applies pursuant to 28 U.S.C. § 1334(c)(2). Section 1334(c)(2) provides:

> [u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). To that end, the Court:

> must abstain from hearing a state law claim if the following requirements are met: (1) a motion has been timely filed requesting abstention; (2) the cause of action is essentially one that is premised on state law; (3) the claim is a non-core proceeding, *i.e.* it is "related to" a case under title 11 but does not arise under or in a case under title 11; (4) the proceeding could not otherwise have been commenced in federal court absent federal jurisdiction under § 1334(b); (5) an action has been commenced in state court; and (6) the action could be adjudicated timely in state court.

*In re Moore*, 739 F.3d 724, 728-29 (5th Cir. 2014); *J.T. Thorpe Co. v. Am. Motorists,* No. H–02–4598, 2003 WL 23323005, at *2, (S.D. Tex. June 6, 2003).

Here, the Court finds abstention is not appropriate because the Plaintiff's claims in this action are "core" proceedings.

Once bankruptcy jurisdiction is established, the bankruptcy court's adjudicative power varies based on whether the particular proceeding is core or non-core. See *In re OCA, Inc.*, 551 F.3d 359, 367 (5th Cir. 2008). For core proceedings, the bankruptcy court may enter final judgment, subject to review by the district court. 28 U.S.C. § 157(b)(1). For non-core proceedings,

the bankruptcy court's power is generally limited to submitting proposed findings and conclusions to the district court, in order for the district court to enter final judgment. 28 U.S.C. § 157(c)(1).

Section 157(b)(2) of Title 28 contains a list of "core proceedings." 28 U.S.C. § 157(b)(2)(A)-(P). Included in that list are "determinations of the validity, extent, or priority of liens." 28 U.S.C. § 157(b)(2)(K). Here, the Defendant Deborah's is presently seeking permission from the Bankruptcy Court to sell certain assets (real property) that are intertwined with the properties that are the subject of the Plaintiff's claims in this foreclosure action [16-1]. The division of any proceeds from these sales will certainly be litigated as part of the present bankruptcy action, and it will certainly require the Bankruptcy Court to determine the validity, extent, or priority of liens.

Accordingly, the Court finds the present foreclosure claims are core proceedings, regardless of the order in which the subject properties will purportedly be foreclosed and regardless whether the foreclosure of the primary property may satisfy the subject indebtedness and thereby not subject the remaining properties to foreclosure – the Plaintiff's argument that additional collateral will be foreclosed only after the primary property is foreclosed and only if the primary property fails to satisfy the indebtedness invites the Court to engage in speculation, which is improper. The fact is all of subject properties are included in the Plaintiff's complaint and all are subject to foreclosure, rendering these claims as core proceedings. Abstention is therefore not appropriate.

Overall, because the Defendant Deborah's is seeking permission from the Bankruptcy Court to sell collateral that is arguably subject to liens owned by the Plaintiff, as well as competing liens from other lenders [16-1], and because Deborah's contests the validity of one or more of these liens, adjudicating this matter will necessarily require the Court to make "determinations of

the validity, extent, or priority of liens," which is defined in the Code as a core proceeding. 28 U.S.C. § 157(b)(2)(K). As such, mandatory abstention is not appropriate. In addition, the Court declines to abstain pursuant to discretionary or permissive abstention under 28 U.S.C. § 1334(c)(1), given that this matter is closely related and intertwined to Deborah's bankruptcy proceeding.

In sum, the Court first concludes this case is sufficiently tied to Deborah's currently pending bankruptcy proceeding, giving the bankruptcy court subject matter jurisdiction. The Court further concludes it should decline to abstain or to remand this matter back to state court.

This Court therefore finds this case should be transferred. Because this matter clearly arises under or arises in or is related to a case under Title 11 pending in this District's Bankruptcy Court, as described above, Uniform Local Rule 83.6 requires this case be referred and, as noted above, abstention of either the mandatory or discretionary variety is not appropriate. Fundamentally, the outcome of this foreclosure action will, at least potentially, "influence the administration of the bankrupt estate." See *In re TXNB Internal Case*, 483 F.3d at 298. The Defendant's Motion to Transfer shall, therefore, be granted.

### Conclusion

For the reasons stated above, the Court finds the Defendant Deborah's Motion [12] to Transfer should be granted, and this case shall be referred to the United States Bankruptcy Court for the Northern District of Mississippi. Both parties' remaining pending motions shall be denied.

An order in accordance with this opinion shall issue this day.

This, the 10 day of December, 2024.

_____
SENIOR U.S. DISTRICT JUDGE